# McFADDIN-WIESS-KYLE RICE MILLING COMPANY, INC.,

## v.

# 'AVELINO VICENTE ET AL.

---

San Juan, Law, No. 964.

APPLICATION FOR NEW TRIAL.

New Trial—Verdict.
    1. The court will not set aside a verdict, unless its amount or nature is such as to shock the conscience.

McFaddin-Wiess-Kyle Rice Milling Co. v. Vicente.

Same—New Evidence.

2. The discovery, after trial, of a stock exchange rule governing the sale sued upon, will not be a ground for granting a new trial, because, if material, it was an element of the contract, and so is a question of pleading, rather than evidence.

Opinion filed January 3, 1914.

*Mr. Frank Antonsanti* for plaintiff.

*Messrs. Joseph Anderson, Jr.,* and *Damian Monserrat, Jr.,* for defendants.

HAMILTON, Judge, delivered the following opinion:

This comes up on an application for a new trial. It is a case of contract for the sale of rice. The plaintiff is a Texas concern, acting, however, here in this case through a local agent. The defendant is a local corporation.

The motion for a new trial proceeds upon several grounds. In the first place, that the court erred in admitting certain letters of the local agent, and also on the ground of newly discovered evidence.

1. This matter brings up the question of new trials, and the court has given it some consideration on that account. The court thinks that matters of fact are to be decided by the jury, and matters of law by the court, the court having supervision, of course, of the action of the jury; but it will not, as a rule, set aside a verdict unless the amount or its nature is clearly wrong in the court's mind,—in fact, generally it will not unless it is such as to shock the conscience.

VI. Porto Rico—29.

McFaddin-Wiess-Kyle Rice Milling Co. v. Vicente.

This was a question whether the contract sued on was entered into or not.   There was an offer by the defendant, and the question in the case was whether that offer had been accepted.   There is testimony of the plaintiff's agent that he had cabled, got authority to accept, and notified the defendant by telephone.   The defendant denies that in that shape, and relies upon a letter written by the plaintiff's agent, in which he stated that the offer was accepted for delivery in a month then mentioned.

That was the issue in the case.   The rice was not supplied during that month, and the question is, Did the general acceptance allow the plaintiff to deliver it by the first ship which arrived the next month?   The court distinctly left that question to the jury.   It is a matter of fact, and the court is not inclined to disturb the decision of the jury.   It is not necessary to say whether or not the court would have come to the same conclusion as the jury.   The point was left to the jury, and the result is simply this.   If there was an acceptance by letter, the agent either had authority to write that acceptance, or he did not.   If he did, the principal is bound, and the goods were not delivered in time.   If the agent did not have authority, it is a case where the minds of the parties did not meet, and there was no contract.   In either case there could be no recovery by the plaintiff.

2. Another ground for a new trial set out in the application is the discovery of new evidence, to wit, a stock exchange rule that deliveries of rice are to be by the first ship.   In the first place, the plaintiff is not a member of the stock exchange, and was not bound by such a rule, for it must be two-sided.   Every contract must have two sides, and if the plaintiff was not bound,

McFaddin-Wiess-Kyle Rice Milling Co. v. Vicente.

the defendant could not be bound; and, in the second place, if that rule applied at all, it was a part of the contract, and should have been sued upon as part of the contract, and can hardly be a ground, now some months afterwards, for a motion for a new trial on the question of newly discovered evidence. If it was a part of the contract, it should have been sued upon originally. If it was not a part of the contract, it does not belong in the case at any stage. So that, on the whole, the court feels compelled to refuse the motion for a new trial.